O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)                                Date:  January 7, 2012

Title: DOMINIC DINH V. CITIBANK, N.A., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AS TO CERTAIN CLAIMS AND DENYING IN PART**

Before the Court is a Motion to Dismiss (the "Motion") filed by Defendants Citibank, N.A. ("Citibank") and Wells Fargo Bank ("Wells Fargo") (collectively "Defendants"). After reviewing the motion, opposition, and reply, the Court herby GRANTS IN PART Defendants' Motion and DISMISSES certain claims, but also DENIES IN PART as to other claims.[1]

**I.     Background**

On February 5, 2008, Plaintiff Dominic Dinh ("Plaintiff") executed a promissory note ("Note") and Deed of Trust in favor of Wells Fargo. Compl. (Dkt. 1) at ¶19. The Note and Deed of Trust secured Plaintiff a loan in the amount of $363,200 to refinance a property located at 5607 West Highland Street, Santa Ana, California 92704. RJN (Dkt. 6) Ex. 1. The Deed of Trust securing Plaintiff's loan named Fidelity National Title Ins. Co. ("Fidelity") as trustee and Wells Fargo as the beneficiary. *Id*.

On May 26, 2011, First American Trustee Servicing Solutions, LLC ("First American"), acting as an agent for Wells Fargo, recorded a Notice of Default. *See* RJN

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)　　　　　　　　　　　Date: January 7, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

Ex. 2. At that time, Plaintiff was $39,380.94 behind in his payments. *Id*. On June 7, 2011, a Substitution of Trustee was recorded, substituting First American as trustee under the deed of trust. *See* RJN Ex. 3. On September 6, 2011, First American recorded a Notice of Trustee's Sale. *See* RJN Ex. 4. On November 16, 2011, an Assignment of Deed of Trust was recorded purportedly transferring all rights under the Deed of Trust from Wells Fargo to Citibank as trustee for the CMLTI Trust (the "Trust"). *See* RJN  Ex. 5. On July 26, 2012, First American recorded a second Notice of Trustee's sale, setting the non-judicial foreclosure sale date for August 20, 2012. *See* RJN Ex. 6. On August 20, 2012, PennyMac Corp. purchased the Property at the foreclosure sale. *See* RJN Ex. 7. Throughout this period, Wells Fargo was the servicer of the note and mortgage. Compl. at ¶ 124.

　　　Plaintiff alleges the following: at the time of the loan's origination, Wells Fargo securitized and sold Plaintiff's loan to the Trust. Compl. at ¶ 20. The Trust was created on March 1, 2008 by the execution of trust agreements, also known as Pooling Servicing Agreements ("PSA"). *Id*. at ¶ 28. Based on industry norms, the Trust likely had a closing date of March 31, 2008. *Id*. The PSA requires all promissory notes transferred to the Trust to have a complete chain of endorsements in place no later than 90 days after the Trust's closing date. *Id*. at ¶¶ 30, 31. Plaintiff's promissory note does not contain a complete chain of endorsements. *Id*. at ¶ 32. Once Defendant's realized the defect in the chain of title resulting from the improper securitization, Defendants implemented a scheme to falsify and backdate documents. *Id*. at ¶ 35. Employees of Citibank, acting as what is commonly known as robo-signers, falsely claimed to be agents of Wells Fargo so that they could assign the Note years later to Trust's Closing Date. *Id*. at ¶ 36.

　　　In addition, Plaintiff alleges: Plaintiff became delinquent due to the recommendation of the loan servicer, Wells Fargo. When Plaintiff contacted the servicer to inquire about getting a loan modification under the Making Home Affordable ("HAMP") loan modification program, they were told by the servicer to miss their next two payments and then apply. *Id*. at ¶ 50. However two months delinquency was not a requirement to qualify for HAMP and the servicer was only interested in earning more fees off of Plaintiff's default. *Id*. at ¶¶ 50, 51. Once Plaintiff was two months behind, Defendant Wells Fargo failed to put Plaintiff into a loan modification agreement. *Id*. at ¶ 53.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)           Date: January 7, 2012
                                                                                                Page 3

      Plaintiff filed a Complaint on September 10, 2012, alleging seven causes of action for: (1) declaratory relief; (2) negligence; (3) violation of the helping families save their homes act of 2009; (5) wrongful foreclosure and to set aside trustee's sale; (6) violation of 15 U.S.C. 1641(g); and (7) quiet title. *See* Compl. (Dkt. 1).

      Thereafter, Defendants filed the present Motion to Dismiss.

## II.    Legal Standard

      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

      In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

      A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)                  Date: January 7, 2012
                                                                                           Page 4

---

*Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

       Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

       Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

    **III.**    **Discussion**

        **a. Violation of the Pooling Service Agreement**

       The gravamen of Plaintiff's complaint is that Defendants failed to comply with the terms of the PSA for Trust into which Plaintiff's Note was transferred. Specifically, Plaintiff alleges that Defendants transferred the Note past the Trust's closing date, and thereby failed to effectuate a valid transfer at all. Therefore, according to Plaintiff,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)  Date: January 7, 2012
Page 5

---

Citibank, as trustee for the Trust, is not Plaintiff's true creditor and has no right in the debt obligation secured by Plaintiff's real property. Plaintiff does not allege that there never was an assignment of the Deed of Trust to the Trust; he only claims that the assignment was not timely as required by the Trust's PSA. These allegations form the basis for Plaintiff's Declaratory Relief, FDCPA, Wrongful Foreclosure, and Quiet Title causes of action.

Plaintiff's argument fails, as this Court, as well as numerous others, have addressed and rejected similar arguments. Recently, in *McLaughlin v. Wells Fargo Bank, N.A.*, this Court held that to the extent the plaintiff based her claims on the theory that defendant allegedly failed to comply with the terms of a PSA, plaintiff "does not have standing to challenge the assignment on the basis of violations of the PSA." 2012 U.S. Dist. LEXIS 170826, *4-5 (C.D. Cal. 2012). *See also Almutarreb v. Bank of New York Trust*, 2012 U.S. Dist. LEXIS 137202, *3 (N.D. Cal. 2012) ("[B]ecause [p]laintiffs were not parties to the PSA, they lack standing to challenge the validity of the securitization process, including whether the loan transfer occurred outside the temporal bounds prescribed by the PSA."); *Junger v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 23917, *3 (C.D. Cal. 2012) (finding that "plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA."); *Sami v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 38466, *5-6 (N.D. Cal. 2012) (rejecting claim "that Wells Fargo failed to transfer or assign the note or Deed of Trust to the Securitized Trust by the 'closing date' and that therefore, 'under the PSA, any alleged assignment beyond the specified closing date' is void" because plaintiff lacks standing); *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 86248 (C.D. Cal. 2011) ("To the extent [p]laintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, [p]laintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust.").

Plaintiff cites several cases as support for the proposition that he has standing to challenge Citibank's foreclosure. However, these cases fail to explain how plaintiffs have standing to challenge the terms of a trust's securitization agreements.[2] *See Almutarreb*, 2012 WL 437310 at *2 ("The Court does not find the minority cases that have held the

---

[2] *See, e.g., Vogan v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 132944 (E.D. Cal. 2011) (finding that tender not required when challenging foreclosure sale based on foreclosing party's lack of standing); *Tamburri v. Suntrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 144442 (N.D. Cal. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)                          Date: January 7, 2012
                                                                                            Page 6

---

contrary persuasive, as they fail to explain how plaintiffs have standing to challenge the terms of securitization agreements.").

Furthermore, "[e]ven if Plaintiff[] [was] right that [his] loan was not timely transferred to the trust, that does not mean that the owner of the note and deed of trust could not therefore foreclose." *Frazier v. Aegis Wholesale Corp.*, 2011 U.S. Dist. LEXIS 145210, *5 (N.D. Cal. 2011). "That would simply mean that the loan was not put into the trust (*i.e.*, the investment vehicle)." *Id*. "It does not necessarily affect the trustee's authority set forth in the deed and assignment documents to initiate foreclosure." *Id*. Therefore, Plaintiff's argument about the PSA does not affect Citibank's authority to initiate foreclosure, as specified in the Deed of Trust, after Plaintiff's default.

Accordingly, because Plaintiff's PSA violation fails as a matter of law, Plaintiff's have failed to state a claim for Declaratory Relief, FDCPA, Wrongful Foreclosure, and Quiet Title. The Court therefore GRANTS Defendants' Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's Declaratory Relief claim, FDCPA claim, Wrongful Foreclosure claim, and Quiet Title claim.[3]

### b. Negligence

The elements of negligence include duty, breach of duty, proximate cause, and damages. *Berkley v. Dowds*, 152 Cal.App.4th 518, 526 (2007). To determine the scope of a duty, a court's considerations include "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal.4th 814, 820 (1997); s*ee also Eric M. v. Cajon Valley Union Sch. Dist.*, 174 Cal.App.4th 285, 293 (2009). Furthermore, negligence requires that the breach be a "failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm." *City of Santa Barbara v. Superior Court of Santa Barbara Cnty.*, 41 Cal. 4th 747, 754 (2007).

---

[3] Plaintiff may amend complaint to assert these causes action but the complaint may not rely in any way on their PSA argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)            Date: January 7, 2012
                                                                                                             Page 7

### i. Wells Fargo did not owe a duty to Plaintiff

Plaintiff alleges Wells Fargo owes Plaintiff a duty of care because of their "unconventional relationship" with Plaintiff. Oppn. (Dkt. 8) 17. Plaintiff's allegation is based on Wells Fargo, going "beyond its role as a silent lender and loan servicer to offer an opportunity to" Plaintiff for loan modification. *Id.*

This Court has recently held just the opposite. "Plaintiff's interpretation of loan modifications as outside the activities of a conventional money lender is inaccurate as '[n]umerous cases have characterized a loan modification as a traditional money lending activity.'" *Alvarado v. Aurora Loan Services, LLC*, 2012 U.S. Dist. LEXIS 135637, *16 (C.D. Cal. 2012) (quoting *Settle v. World Sav. Bank, F.S.B.*, 2012 U.S. Dist. LEXIS 4215, (C.D. Cal. 2012)); s*ee also Johnston v. Ally Fin. Inc.*, 2011 U.S. Dist. LEXIS 83298, *10 (S.D. Cal. 2011) ("In addition, loan modification is an activity that is 'intimately tied to Defendant's lending role."); b*ut see*, *Ansanelli v. JP Morgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 32350 (N.D. Cal. 2011) ("Yet the complaint alleges that defendant went beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning the trial period plan. Contrary to defendant, this is precisely 'beyond the domain of a usual money'").

As in *Alvarado*, "this Court finds persuasive the cases holding that offering loan modifications is sufficiently entwined with money lending so as to be considered within the scope of typical money lending activities." 2012 U.S. Dist. LEXIS 135637 at*16. "The conventional-moneylender test shall be sufficient to determine there is not duty of care owed in servicing Plaintiff's mortgage loan and loan modification." *Id*. As Plaintiff is unable to establish a duty, it is unnecessary to discuss the elements of breach, causation, and damages.

Additionally, as the insufficiency is legal in nature, Plaintiff will not be able to plead any facts that would cure the defect in the claim. Thus, the Court finds it is appropriate to GRANT Defendants' Motion and DISMISS WITH PREJUDICE Plaintiff's negligence claim against Wells Fargo.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)　　　　　　　　　　　　Date: January 7, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 8

### ii. Citibank did not owe a duty to Plaintiff

Plaintiff also contends that Citibank owed Plaintiff a duty of care based on their "unconventional relationship" with Plaintiff. Oppn. at 17. Plaintiff's argues that Citibank's role is not "conventional" because Citibank is acting as a trustee for the trust and not the original lender who loaned or serviced Plaintiff's loan. *Id*. Plaintiff claims that Citibank breached its duty of care to Plaintiff when it directed First American to declare default and initiate foreclosure against Plaintiff. Compl. at 86.

These allegations are insufficient to establish a special relationship or special circumstances necessary to compel the Court to deviate from the general rule, which is that lenders and servicers do not owe a duty of care to borrowers. *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991). Plaintiff fails to allege any facts that would infer that Citibank was acting as a anything other than a mere lender of money. Citibank's role as trustee for the Trust does not create a duty towards Plaintiff. Citibank merely foreclosed on Plaintiff after Plaintiff defaulted, acting as allowed in the Deed of Trust.

As Plaintiff is unable to establish a duty, the cause of action for negligence against Citibank is DISMISSED WITH PREJUDICE.

### c. TILA Violations

Defendants contend that Plaintiff's TILA claim fails because it is not adequately pled with respect to showing actual damages, the statute is not applicable, and the statute applies only to creditors, not trustees. However, the Court finds Defendants' contention that TILA requires a showing of actual damages as incorrect. Furthermore, the Court finds that the statute is applicable and applies to Citibank as alleged by Plaintiff.

### i. Plaintiff alleges sufficient facts to adequately plead a claim for TILA violations

Section 1641 of Title 15 of the United States Code, Subsection (g), titled "Liability of Assignees," requires that when an entity purchases or is assigned the beneficial interest in a loan or property, it must notify the borrower in writing within 30 days of when the loan is transferred. 15 U.S.C. § 15641(g). Subsection (g) applies only to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)  Date: January 7, 2012
Page 9

the "new owner or assignee of the debt" and lists the particular information that the assignee's notice must contain. *Id*. Section 1640 of Title 15 of the United States Code authorizes a civil action for violations of Section 1641 for: (1) actual damages, or (2) statutory damages that may include (a) damages equal to twice the amount of any finance charge, or (b) for a credit transaction secured by real property an amount not less than $400 and not greater than $4,000. 15 U.S.C. § 1640(a).

Defendants argue that Plaintiff fails to allege that he suffered any actual damages as a result of Defendants' TILA violations and therefore Plaintiff's TILA claim fails. Mot. (Dkt. 5) 14. Defendants' argument is incorrect.

The right of a TILA plaintiff to recover statutory damages under Section 1641(g) is established by the plain language of the statute and is irrespective of whether a plaintiff can prove actual damages. 15 U.S.C. § 1640(a)(2); *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 50-56 (explaining that TILA allows "for the recovery of actual damages in addition to statutory damages); *Purtle v. Eldrige Auto Sales, Inc.*, 91 F.3d 797, 800 (6th Cir. 1996) ("A plaintiff in a TILA case need not prove that he or she suffered actual monetary damages in order to recover the statutory damages and attorney's fees."); *In re Whitley*, 772 F.2d 815, 817 (11th Cir. 1985) (for TILA violations, "statutory civil penalties must be imposed . . . regardless of the district court's belief that no actual damages resulted or that the violation is de minimis"); *Vallies v. Sky Bank*, 591 F.3d 152, 157 (3rd Cir. 2009) ("The Act, therefore, provides for different forms of compensatory damages – actual damages under § 1640(a)(1), and statutory damages for individuals under § 1640(a)(2)(A)"). Defendants cite only one published case to the contrary. *See Che v. Aurora Loan Services, LLC*, 847 F.Supp.2d 1205 (C.D. Cal. 2012). The remainder of Defendants cites are unpublished cases that the *Che* decision itself relies on. This Court does not find *Che* persuasive in light of the extensive authority holding otherwise.

Defendant Citibank also contends in its Reply, without any supporting authority, that 15 U.S.C. 1641(g) only applies to creditors, and not trustees. Defendant is mistaken. While the Court in *Guerrero v. Citi Residential Lending, Inc.*, did hold that TILA does not apply to the trustee of a deed of trust under California law, it did not hold that 1641(g) does not apply to trustees in general. 2009 U.S. Dist. LEXIS 34415, *4 (E.D. Cal. 2009). Rather, "[t]he trustee of a deed of trust is exempt from TILA because of its limited role under California law, but there is no analogous reason to exempt other types

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)　　　　　　　　　　　Date: January 7, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 10

---

of trustees from TILA's provisions." *Vogan*, 2011 U.S. Dist. LEXIS at *11. "Exempting all trustees from TILA would permit trusts acting as lenders to completely evade TILA's provisions." Id. at *12. A trustee for a mortgage-backed security, such as Citibank in this instance, can be held liable for violations of TILA. *See Id.*[4]

Plaintiff alleges he did not receive the disclosures required by TILA when the beneficial interest of his loan was assigned to Defendant Citibank on November 16, 2011. Compl. (Dkt. 1) at ¶ 125. This allegation is sufficient to state a claim entitled to relief under TILA. 15 U.S.C. § 1641(g). Therefore, the Court DENIES the Motion to Dismiss the TILA violation claim against Citibank.

### d. Tender

While the foregoing analysis provides reasons to dismiss Plaintiff's claims attacking the non-judicial foreclosure sale, the Court notes that Defendants' tender argument does not itself preclude Plaintiff's from raising viable claims in their amended complaint. "[T]he tender rule is not absolute, and a tender may not be required where it is inequitable to do so." *Sacchi v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 2533029, at *10 (C.D. Cal. 2011) (citing *Onofrio v. Rice*, 55 Cal.App.4th 413, 424 (1997)). "Also, if the action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt." *Onofrio*, 55 Cal.App.4th at 413.

### IV. Disposition

For the foregoing reasons, the Court GRANTS Defendants' Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's declaratory relief claim, wrongful foreclosure claim, and quiet title claim.

---

[4] Defendant also argues that Section 1641(g) is not applicable in this situation because the transfer to Citibank took place some time before the statute went into effect. Mot. (Dkt. 5) 14. Defendant argues that the statute is not retroactive, and therefore it is not applicable. *Id.* However, Defendant provides no support for the contention that the loan was transferred to Citibank prior to the statute becoming effective. The only document at this time that indicates the transfer to Citibank is the Assignment of Deed of Trust which is dated November 10, 2011, and recorded November 16, 2011. *See* RJN (Dkt. 6) Ex. 5. This is the same time period that Plaintiff alleges the transfer took place, and thus, the TILA violations took place. Due to Defendants' unfounded claim and taking all inferences in Plaintiff's favor at this stage, Defendants' argument fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1502-DOC (RNBx)                                   Date:  January 7, 2012
                                                                                              Page 11

      The Court GRANTS Defendants' Motion and DISMISSES WITH PREJUDICE Plaintiff's negligence claim.

      The Court DENIES Defendants' Motion to Dismiss Plaintiff's TILA claim.

      Plaintiff shall file an amended complaint, if at all, on or before January 18, 2012.

      The Clerk shall serve a copy of this minute order on counsel for all parties in this action.


MINUTES FORM 11
CIVIL-GEN                                                                        Initials of Deputy Clerk: jcb